# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Charlyn Greene, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nationstar Mortgage, LLC, d/b/a Mr. Cooper, et. al., | ) | Case No. 1:24-cv-131 |
| | ) | |
| Respondents. | ) | |

Petitioner initiated the above-captioned action on July 3, 2024, with the filing of a document captioned "AGREED NIHIL DICIT JUDGMENT MOTION." (Doc. No. 1). For the purposes of this order, the court shall construe this document as a Complaint and will hereafter refer to it as such. What follows is a partial time line of the parties' subsequent filing:

- August 27, 2024: Respondent Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") filed a Motion to Dismiss Petitioner's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, alternatively, to Strike Petitioner's Complaint pursuant to Fed. R. Civ. P. 12(f). (Doc. Nos. 6 and 9).

- September 16, 2024: Petitioner filed a document captioned "MEMORANDUM IN SUPPORT OF AGREED NIHIL DICIT JUDGMENT MOTION." (Doc. No. 11). Therein she asserted that she "is entitled to summary judgment ie: confessed judgment/enforcement of judgment already rendered as a matter of law and Respondent Mr. Cooper has tacitly agreed." The court shall refer to the aforementioned document as Petitioner's motion for summary judgment.

- September 23, 2024: Nationstar filed a motion requesting that the court stay consideration and ruling on Petitioner's September 16, 2024, motion for summary judgment pending a ruling on its motion to dismiss. (Doc. No. 13).

- October 23, 2024: Petitioner filed Motion to Strike All Filings By Respondent and

1

|   |   |
|---|---|
|   | Motion for Summary Judgment. (Doc. No. 17). |
| • October 24, 2024: | Nationstar filed a motion requesting a hearing on its pending motions to dismiss and for a stay. (Doc. No. 21). |
| • November 19, 2024: | Petition filed another Motion to Strike All Filings By Respondent and Motion for Summary Judgment. (Doc. No. 25). |
| • November 27, 2024: | Petition filed a second Motion to Strike All Filings By Respondent and Motion for Summary Judgment. (Doc. No. 29). |

Nationstar's motion to stay consideration of Petitioner's September 16, 2024, motion for summary judgment. (Doc. No. 13) is **GRANTED.** The court shall now turn its attention to Petitioner's motions to strike.

In the motions filed on October 23, November 19, and November 27, 2024, Petitioner requests the court to strike all of Nationstar's motions and grant her summary judgment, averring that Nationstar "is a vexatious filer and is wasting the courts time with unduly repetitious motions and memorandums." (Doc. Nos. 17, 25, 29). Nationstar could perhaps say the same things about Petitioner as she has thrice filed ostensibly the same motion to strike that includes a request for summary judgment.

The court is not inclined to strike all of Nationstar's filings. First, Nationstar's motions are neither vexatious nor a waste of the court's time. Jurisdiction is a threshhold issue that the court must address. Put another way, before the court can proceed to address the merits of Petitioner's claims, the court must satisfy itself that it has jurisdiction over this matter. The question of a court's jurisdiction over an action is non-waivable and may be raised at any point in the litigation by a party. Berger Levee Dist., Franklin County, Mo. V. United States, 128 F.3d 679, 680 (8th Cir. 1997); Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993); see also Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (instructing courts "to be attentive to a satisfaction of

jurisdictional requirements in all cases." ). If Nationstar had not raised this issue, the court would have sua sponte. See Dieser v. Cont't Cas. Co., 440 F.3d 920, 923 (8th Cir. 2006) ("[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue."). The sufficiency of Petitioner's pleadings are also a threshhold issue. Second, Nationstar's motions comport with rules of civil procedure. Petitioner's Motions to Strike (Doc. No. 17, 25, and 29) are therefore **DENIED**.

Petitioner makes a request for summary judgment at the end of her three motions to strike. The court does not construe these requests as motions for summary judgment separate and apart from the the motion for summary judgment that she filed on September 16, 2024. Rather, the court construes these requests as a reiteration of her claimed entitlement to summary judgment in the motion for summary judgment that she filed on September 16, 2024. Insofar as the requests for summary judgment at the end of the motions to strike have been filed as separate motions (Doc. No. 17, 25, and 29), they are deemed moot as they are duplicative of Petitioner's September 16, 2024, motion for summary judgment (which remains pending).

The court shall on its own motion **STAY** the above-captioned action pending a ruling on Nationstar's Motion to Dismiss, which has been fully briefed and is ripe for the court's consideration. The court neither expects nor requires any further briefing from the parties at this time. Nationstar's motion for a hearing on its motion to dismiss and for a stay (Doc. No. 21) is **DENIED** without prejudice. As the court has granted Nationstar's motion for a stay, there is no need to convene a hearing to discuss it. As for the motion to dismiss, the court does not require a hearing at this time as the motion appears to be well-briefed. Should the court later determine that a hearing is necessary, it shall contact the parties.

**IT SO ORDERED.**

Dated this 2nd day of December, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
