IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Charlyn Greene, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTIONS TO** |
| | ) | **STRIKE AND TO LIFT STAY** |
| v. | ) | |
| | ) | |
| Nationstar Mortgage, LLC, d/b/a | ) | |
| Mr. Cooper, et al., | ) | Case No.: 1:24-cv-00131 |
| | ) | |
| Respondents. | ) | |

On December 2, 2024, the court ordered a stay of the above-captioned matter pending a ruling on Respondent Nationstar Mortgage, LLC, d/b/a Mr. Cooper's ("Nationstar") *Motion to Dismiss* and denied various motions to strike filed by Petitioner Charlyn Greene ("Greene"). (*See* Doc. No. 30).

On April 2, 2025, Greene filed a *Motion to Strike* (Doc. No. 31), and a *Motion to Lift Stay* (Doc. No. 32). In the *Motion to Strike*, Greene requested the court strike all pleadings, motions, and filings submitted by Nationstar's legal counsel "for lack of standing in Equity and procedural invalidity." (Doc. No. 31). She further argues that "[t]o permit further intrusion is not advocacy – it is breach." (*Id.*). As to the *Motion to Lift Stay*, Greene moved for the court to lift the December 2, 2024, stay and compel enforcement of the final administrative judgment, asserting that the stay serves no legitimate judicial or equitable purpose, requested the enforcement of the perfected administrative judgment, that the court state a basis for its continued refusal or delay and to acknowledge that further delay is a denial of Equity and judicial accountability. (Doc. No. 32).

On April 11, 2025, Nationstar filed a response to the motion to lift stay and motion to strike. (Doc. No. 35). Therein, Nationstar requested the court deny both of Greene's motions as she previously filed three motions to strike on similar grounds to the current motion, and the arguments

made in the motion to lift stay are the same arguments as those raised in previous filings, and Nationstar's fully briefed *Motion to Dismiss* addresses those issues.

On April 24, 2025, Greene filed a reply to Nationstar's response. (Doc. No. 36). In her reply, Greene took issue with Nationstar's assertion that she continues to demand the court enter judgment based on the submission of false and fraudulent documents purporting to satisfy her mortgage loan to Nationstar. Greene further represented that the accusation was both false and baseless, and the allegation that she committed "fraud" was wholly unsubstantiated and unsupported, intending to distract from Nationstar's own procedural silence and default.

As noted by Nationstar, this court has previously denied multiple motions to strike filed by Greene, all of which contained similar substance to the pending motion to strike now before the court. Specifically, in each motion, Greene requested the court strike all filings submitted by Nationstar. While Greene may continue to contend that Nationstar's legal counsel lack standing, privity, and equitable obligation to make filings in this matter, the court is not inclined to again readdress and re-hash this issue.

The court is further not persuaded to lift the stay. As previously opined by this court in its order staying the above-captioned action pending a ruling on the fully briefed *Motion to Dismiss*, "[t]he court neither expects nor requires any further briefing from the parties at this time." (*See* Doc. No. 30 at 3). To date, the court has not ruled on the motion and so will not lift the stay until it has been considered, and a ruling made. Of further concern is Greene's contention that the court's December 2, 2024, order to stay "closed the record" and "created a procedural vacuum in which relief is indefinitely deferred and no remedy is available – unless this Court acts on its ministerial duty." (Doc. No. 32 at 6). Greene goes on to state:

> Yet four (4) months later, no "further order" has been issued. This Court has avoided ruling on all of Petitioner's properly submitted motions seeking enforcement and

2

> equitable remedy, choosing instead to issue orders only on non-substantive or peripheral filings. In Equity, this extended silence is not neutral – it is judicial avoidance. By foreclosing all further briefing while simultaneously refusing to issue a ruling, this Court has created a closed loop designed to preserve procedural inaction. Petitioner now has reasonable cause to believe that this Court intends to avoid responsibility for enforcement and may be awaiting appellate intervention to resolve the matter in its place. Such strategic inaction is irreconcilable with the duty of an Equity Court, where delay in the face of a complete and unrebutted record constitutes a denial of justice.

(*Id.* at 6-7). Contrary to what Greene may believe, this court has an extensive docket, both as to criminal and civil matters, with criminal matters often taking precedence due to the time sensitive nature of the proceedings. The stay is not "judicial avoidance" or "procedural inaction," but is rather intended to reduce the expenditure of time and resources by the parties pending the court's review and decision on the fully briefed and ripe *Motion to Dismiss*.

Greene's *Motion to Strike* (Doc. No. 31) and *Motion to Lift Stay* (Doc. No. 32) are **DENIED**. The court further cautions Greene that continued attempts to file duplicative motions on similar grounds without offering any new information will not be taken in good faith.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
