IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Charlyn Greene, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS** |
| vs. | ) | |
| | ) | |
| Nationstar Mortgage LLC d/b/a Mr Cooper, | ) | |
| et. al., And all other persons unknown | ) | |
| claiming any legal or equitable right, title, | ) | |
| estate, lien, or interest in the property | ) | |
| described in the claim adverse to Petitioner's | ) | |
| title, or any cloud upon Petitioner's title | ) | Case No. 1:24-cv-131 |
| thereto. Doe's 1 through 25, | ) | |
| | ) | |
| Respondent(s). | ). | |

Before the court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or to Strike filed by Respondent Nationstar Mortgage, LLC ("Nationstar") on August 27, 2024. (Doc. Nos. 6 and 9). For the reasons discussed below, the motion is granted.[1]

## I.    BACKGROUND

Petitioner initiated the above-captioned action *pro se* on July 3, 2024, by filing a document captioned "Agreed Nihil Dicit Judgment Motion" along with several exhibits. (Doc. No. 1). She asserts that she is entitled default judgment against Nationstar because Nationstar failed to respond to her pre-filing communications. Specifically, under the heading "findings of fact," she alleges:

> The Nihil Dicit Judgment allows the legal process to proceed without further consideration of Respondent's "side of the story" . . . .
> For the course of dealing, set forth herein, with Respondent Mr Cooper's failure, refusal, or neglect in the present of a verified response to the presented 'Notice of Acceptance,' 'Notice of affect of Failure to Respond', and 'Certificate of Non-Response' signed and witnesses by a notary public/officer of the court,

---

[1] The parties respectively filed notice of their consent to the undersigned's exercise of jurisdiction on July 15 and August 28, 2024. (Doc. Nos. 5 and 8).

constitutes that Respondent Mr Cooper's failure to perform in good faith and respondent Mr Cooper's acquiescence and tacit agreement with all terms, conditions, and stipulations set forth therein with this Agreed Nihil Dicit Judgment, filed for Entry by the Clerk of this Honorable Court . . . .

The Respondent Mr Cooper admits that Respondent Mr Cooper received and accepted Petitioners negotiable instrument for full satisfaction of alleged debt allegedly owed by Petitioner. Respondent Mr Cooper has admitted via silence and therefore has implied contracted with the Petitioner and has accepted the money judgment amount of Eight Million Five Hundred Thousand Dollars ($8,500,00.00) which equates to Five Hundred Thousand Dollars ($500,000.00) per each presentment/collection effort made after alleged debt was fully satisified. Respondent Mr. Cooper also admits Respondent Mr. Cooper is liable for the full face amount of the negotiable instrument in the amount of Four Hundred Thirty Thousand, Six Hundred Eighty One and 29/100, ($430,681.29) per the Fair Debt Collection Practices Act (FDCPA) and for NOT crediting Petitioners alleged account and also having admitted Petitioner is entitled to a full set-off, discharge, settlement of accounting with a zero balance receipt and full conveyance and Quiet Title of the real property located at 8157 Lennox View Lane, Las Vegas, Nevada 89113. Respondent Mr Cooper has waived all Respondent Mr Coopers rights to any claims, arguments, choice of venue/jurisdiction or any further notice, now or in the future regarding this matter. Respondent Mr Cooper admits that have after having received and accepted full compensation for the alleged debt, Respondent Mr Cooper hired MTC FINANCIAL, INC d/b/a TRUSTEEE CORPS to conduct an unlawful foreclosure sale and emphasizes respondent Mr Coopers default by failing to rebut or respond to any/all Petitioner's Notice's/Affidavits point by point. Respondent Mr Cooper was asked multiple times through the complete and thorough Administrative Process to "<u>send a notice to dishonor from a qualified third party if the tendered instrument was defective in form or substance</u>." Respondent Mr Cooper retained the negotiable instrument which discharges the alleged debt per "UCC 3-603 Tender of Payment" and continued to remain silent....

For respondent Mr Cooper's failure to honor the Presentment Contract/'Notice of Acceptance' and 'Notice of Affect of Failure to Respond", places Mr. Cooper in <u>default</u>....

(Doc. No. 1 at pp. 2-4) (errors and emphasis in original).

On August 27, 2024, Nationstar filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 6 and 9). On September 16, 2024, Plaintiff filed a response to motion. (Doc. No. 10). On September 19, 2024, Nationstar filed its reply. (Doc. No. 12). Thus, Nationstar's motion has been fully briefed and is ripe for the court's consideration.

2

II.    **APPLICABLE RULES**

A.    **Fed. R. Civ. P. 12(b)(1)**

Parties may assert a lack of jurisdiction by motion under Fed. R. Civ. P. 12(b)(1). This defense may be brought in two ways: by facial attack or by factual attack. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack simply asserts the plaintiff has not pled a basis for subject matter jurisdiction. Id. In a facial attack, the court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)). A factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Branson Label, 793 F.3d at 914-15 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

B.    **Fed. R. Civ. P. 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id.. A plaintiff must show that success on the merits is more than a "sheer possibility." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. Ulrich v. Pope Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.    DISCUSSION

Nationstar avers that there can be no entry of default judgment as no decipherable complaint has been served and/or filed. Noting that Plaintiff's filings bear the hallmarks of the "sovereign citizen" debt elimination movement, it avers that the court can and should dismiss this matter for lack of subject matter jurisdiction and/or failure to state a claim.

The court agrees and finds Plaintiff has failed to state a claim for which relief may be granted. Plaintiff has requested entry of default judgment. However, she has not filed a complaint much less

referenced any lawsuit to which Nationstar has failed to respond. Pre-lawsuit communications to Nationstar and its failure to respond to them involve no pending legal or administrative proceeding and thus do not entitle Plaintiff to default judgment. See Green v. Blount Int'l, Inc., No. 09-cv-1468-AC, 2010 Wl 2613532, at *3 (D. Ore. May 21, 20210).

Moreover, "[i]t is well-established in the Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous and should be summarily dismissed as a waste of judicial resources." Hopper v. Addams, No. 2:24-CV-02129-TLB, 2024 WL 4730595, at *2 (W.D. Ark. Oct. 21, 2024), report and recommendation adopted, No. 2:24-CV-2129, 2024 WL 4728418 (W.D. Ark. Nov. 8, 2024), appeal dismissed, No. 24-3405, 2025 WL 1525407 (8th Cir. Feb. 20, 2025); see also United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding the sovereign citizen issues in the case "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion."); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); Engel v. Corizon, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation."); Meyer v. Pfeifle, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), aff'd, 790 F. App'x 843 (8th Cir. 2020) ("[plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); Engel v. Corizon, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in this Circuit and in other federal courts around the nation."); United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen arguments "be rejected summarily, however they

are presented").

Although Plaintiff does not openly state that she ascribes to "sovereign citizen" ideology, her arguments resemble the "legal-sounding but ultimately baseless arguments" courts typically see "[w]hen sovereign citizens litigate." <u>Riding</u>, No. 4:25-cv-00648-DGK, 2025 WL 3543006, at *4 (W.D. Mo. Dec. 10, 2025). For example, Plaintiff avers there is some sort of registered bond held at the U..S Treasury documents that can be used to satisfy her debts, attempts to copyright and trademark her name, and uses the phrases "all rights reserved" and "without recourse" on the signature line of the "Agreed Nihil Dicit Judgment Motion" and attached exhibits. (Doc. No. 1 at pp. 1, 3, and 8; Doc. No. 1-2). These are hallmarks of filings by proponents of the "sovereign citizen ideology. <u>Riding v. Morgan Stanley & Co. LLC</u>, No. 4:25-cv-00648-DGK, 2025 WL 3543006, at *4 (discussing practices that are characteristic of sovereign citizen activity).

## III.   CONCLUSION

Nationstar's Motion to Dismiss (Doc. Nos. 6 and 9) are **GRANTED**. This matter is **DISMISSED** in entirety for failure to state a claim on which relief may be granted. Nationstar's Motion to Strike (Doc. No. 9) is deemed **MOOT**.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

6